UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action 05-30062-MAP |
| v. ) | |
| ) | |
| FISH & RICHARDSON, P.C. ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

### Parties

1.) The plaintiff, Donald C. Hutchins ("Hutchins") is an individual residing at 1047 Longmeadow Street, Longmeadow, Hamden County, Massachusetts and a citizen of the United States.

2.) The defendant, Fish & Richardson, P.C. ("F&R") is incorporated in the State of Massachusetts with a principal place of business at 225 Franklin Street, Boston, Massachusetts 02110, Taxpayer I.D. 04-3254521.

### Jurisdiction

3.) The court has jurisdiction over this matter pursuant to Section 271 U.S.C.

4.) Hutchins lives in Longmeadow, Massachusetts and is a citizen of the United States.

5.) Fish & Richardson, P.C. is a corporation with its headquarters in Boston, Massachusetts.

## Background

6.) On August 28, 2003 Hutchins met with Attorney Chuck Hieken ("Hieken") at F&R to discuss Hieken's concerns that there was a conflict of interest between Hutchins and the Zoll Medical Corporation within the F&R office. Hieken explained that Attorney G. Roger Lee, a partner at F&R was preparing patent applications for an innovative Zoll defibrillator that included voice and graphic cardiopulmonary prompting (CPR). Hieken's concern was that Attorney Lee had access to privileged information used in the filing of Hutchins' properties such as Hutchins' Patents No. Re. 34,800 and 5,913,685 and also Hutchins' Copyrights Registration No. TXu-210-208 and No. TXu-213-859.

7.) On September 22, 2003 Gary Freeman, the V.P. of Clinical Affairs at Zoll induced Hutchins to participate in an Agreement to allow Attorney Lee to evaluate Hutchins' patents as part of Zoll's request to license Hutchins Patent No. 5,913,685.

8.) Discovery in Civil Action 04-30121-MAP, <u>Donald C. Hutchins vs. Zoll Medical Corporation</u>, reveals that Attorney Lee has participated in the drafting of patent applications for a Zoll device named *AED Plus* and that this device includes CPR voice and graphic prompting.

9.) In Civil Action 04-30121-MAP Hutchins alleges that Zoll has infringed Hutchins' Patents No. Re. 34,800 and 5,913,685 and also Hutchins' Copyrights Registration No. TXu-210-208 and No. TXu-213-859. Civil Action 04-30121-MAP is ongoing and the Court is currently reviewing claim construction documentation from Hutchins and Zoll.

10.) Discovery in Civil Action 04-30121-MAP reveals that Attorney Lee had researched Hutchins' patents long before September 22, 2003 in an effort to write around Hutchins' claims as part of his efforts on behalf of Zoll's *AED Plus*.

11.) Neither Attorney Lee nor Zoll met their contracted obligation to respond within 30 to 40 days. Neither Attorney Lee nor Zoll has ever responded to Hutchins with regard to the agreed evaluation. The evaluation of Hutchins' Patent No. 5,913,685 was nothing more than concealment to allow Attorney Lee to apply for the *AED Plus* claims related to CPR voice and graphic prompting.

12.) Before leaving the meeting on August 28, 2003, Attorney Hieken became excited with an "escape light" that Hutchins had developed in reaction to the September 11th twin towers disaster. Hieken asked to purchase lights from the first production runs. Before Hutchins left the office, Hieken encouraged Hutchins to do a patent search and get back to him because Hieken believed that this escape light was a patentable device.

13.) Hutchins has been a client of Attorney Hieken for over 20 years and Hutchins has paid fees to Fish & Richardson of over $200,000 in that period to obtain numerous patents, re-issue patents, copyrights, foreign patents, etc.

14.) Stimulated by Attorney Hieken's belief that this "escape light" included patentable innovations, Hutchins did an exhaustive patent search. When the search showed that Hutchins "escape light" inventions were unique and patentable, Hutchins wrote a draft that included the circuit design, drawings, patent search, background and objects of the invention for the "escape light' and asked F&R to write the claims. This draft and the covering letter dated September 18, 2003 are included herein as Exhibit A.

15.) Sometime later Hutchins received a request for additional technical data from Attorney David Miranda ("Miranda") who was assisting Attorney Hieken with the "escape light" patent application. In time Attorney Miranda revised the circuit description and included this revised material in the patent application. Attorney Miranda explained in a letter to Hutchins that the application would be reviewed by the Patent Office within 12 to 18 months.

16.) Hutchins' "escape light" is named the *JeanieLite*™ in honor of Jean Roger a flight attendant that died on September 11th on American Airlines flight 11 out of Boston. The concept of this "escape light" became very familiar to the staff and associates of F&R because Attorney Hieken purchased seven *JeanieLites*™ from the initial production runs for employees of F&R. The production and marketing of the JeanieLite continued and at the same time Hutchins negotiated with a major high-end international specialty goods marketer for the purposes of selling the *JeanieLite* ™ properties. The primary asset to be sold would be the *JeanieLite*™ patent.

17.) Attorney Hieken sent Hutchins a copy of the Patent Office response to the "escape light" patent application in a document called the "Office Action" in January of 2005 that is attached herein as Exhibit B. The Examiner rejected the title, all the claims and found every other aspect of the Application incomprehensible.

18.) F&R's cover sheet showed that the Office Action was stamped as received by F&R October 22, 2004. The stamp by F&R's Practice Systems showed a Base Date of 10-20-04, a Due Date of 1-20-05. This error by F&R alarmed Hutchins because it showed that the three-month period for a response to the Patent Office had expired.

4

19.) Hutchins reacted by communicating the problem to Attorney Hieken by e-mail. When Hutchins telephoned Attorney Miranda, Hutchins learned that Attorney Miranda was no longer employed by F&R.

20.) In his review of the Office Action and rejected title and claims, Hutchins found that Attorney Miranda did not use the material that Hutchins had prepared that is attached as Exhibit A. Miranda wrote an incomprehensible application that is totally unrelated to Hutchins' "escape light' invention.

21.) Having had no response from Attorney Hieken and unable to communicate with Miranda, Hutchins sent a letter and Robert E. Hillman Esq. the Chairman of F&R and included Hutchins' response to the Office Action. Hutchins hoped that Attorney Hillman would take responsibility for F&R's negligent acts and press the Patent Office for an extension. This letter to the Chairman and Hutchins response to the Office Action is included as Exhibit C.

22.) There has been no response from Attorney Hillman or any other person at F&R. No one has filed a response to the Office Action or requested an extension. F&R has failed to obtain the "escape light" patent.

## Count I

(Conspiracy)

23.) Hutchins adopts by reference the allegations of paragraphs 1 through 22.

24.) Attorney G. Roger Lee, a partner of F&R has conspired with persons employed by Zoll Medical Corporation to expropriate Hutchins intellectual properties such as Hutchins' Patents No. Re. 34,800 and 5,913,685 and also Hutchins' Copyrights Registration No. TXu-210-208 and No. TXu-213-859.

25.) Attorney G. Roger Lee conspired with Zoll to encourage Hutchins to agree to allowing Lee to evaluate Hutchins intellectual properties in anticipation of Zoll's licensing of these properties without disclosing that he had already investigated these properties in writing patent applications for Zoll that included voice and graphic CPR prompting.

26.) F&R owed a duty to Hutchins and any client to protect the client's intellectual properties. In an opinion expressed to Hutchins by Attorney Hieken, these actions by Attorney Lee were unethical and a conflict of interest within F&R.

27.) This conspiracy and failure to protect Hutchins' interests has allowed Zoll to infringe Hutchins' properties as currently being litigated in Civil Action 04-30121-MAP. Zoll's refusal to license Hutchins' properties and the subsequent infringement has damaged Hutchins financially due to lost opportunity and litigation costs.

## Count II

(Breach of Contract)

28.) Hutchins adopts by reference the allegations of paragraphs 1 through 27.

29.) Hutchins contracted with F&R to file an application in his behalf for an "escape light" patent as described by Hutchins draft and letter herein attached as Exhibit A. Hutchins honored his obligations to this contract by providing the requested material and paying F&R's fees that applied to this contract.

30.) F&R has not supplied the services necessary to sustain the patent application process for the "escape light" to even a minimal standard that is promised by a law office specializing in patents and copyrights.

31.) F&R has not provided a patent application process for the "escape-light" as previously provided, expected, experienced or contracted for by Hutchins over the past 20 years that he has been a client.

32.) F&R owed a duty to Hutchins to provide a professional effort in the filing of his "escape light" patent application. Investors and acquirers of inventions place great value on patent protection for the property that they are purchasing. In failing to fulfill that contractual obligation, F&R has damaged Hutchins and deprived him of the premium selling price that a patent provides the invention at the time of sale.

## Count III

### (Negligence)

33.) Hutchins adopts by reference the allegations of paragraphs 1 through 32.

34.) F&R has failed to respond to the Patent Office Action because the F&R Practice Systems Department neglected to force compliance to the due date established by the Patent Office Examiner and clearly printed on the Office Action.

35.) The F&R Practice Systems Department's has acted negligently by failing to alert the staff at F&R that the action dates on Hutchins' "escape light" application were being neglected. To fail to respond to an Office Action by the due date is equivalent to terminating the application.

36.) F&R billed Hutchins at a rate of $565.00 per hour to file the "escape light" patent application. To charge this high rate that Hutchins has paid in full, F&R owed Hutchins a duty to assure that the F&R staff complied to the requirements of the Patent Office. In failing to comply with these requirements, the F&R staff has cost Hutchins ownership in a valuable patent.

## Count IV

(Negligence)

37.) Hutchins adopts by reference the allegations of paragraphs 1 through 36.

38.) Attorney Miranda did not comply with Hutchins' instructions regarding the "escape light" application as is clearly specified in Exhibit A. By diverting from Hutchins' instructions he created a patent application that does not describe Hutchins' "escape light" invention.

39.) The patent application created by Miranda is unsuitable and totally devoid of merit as testified to by the Examiner's comments found in the Office Action. Miaranda's work was not properly supervised. Invoices to Hutchins from F&R indicate that a more experienced attorney did not review Hutchins' patent application prior to its being filed.

40.) F&R was negligent in allowing Miranda to write a flawed application, in not instructing Miranda to follow the draft that Hutchins provided, in not reviewing Miranda's work, in not alerting Hutchins to Miranda's departure from F&R and in not controlling Miranda's projects that remained active after his departure.

41.) F&R owes a duty to all its clients, including Hutchins, to hire, train, maintain, evaluate and supervise a staff of attorneys capable of filing a patent. The record shows that Attorney Miranda was incapable of filing a patent acceptable to the average Patent Office examiner.

42.) While Hutchins knows that there is no assurance that a patent will be granted, his experience tells him that patent attorneys of the quality employed by F&R are capable of having at least some of the claims accepted by the examiner after negotiated changes. Hutchins also knows that having only a few claims accepted will result in a patent that

has far greater value than no patent because investors generally rely on the existence of a patent rather than the substance.

43.) Should F&R have obtained a "escape light" patent for Hutchins that carried diluted claims, this would be a valuable property. F&R negligence in not supervising and overseeing the efforts of Miranda have cost Hutchins the ownership of a valuable property and left Hutchins with very little opportunity to recover the massive amounts of time and money that his "escape light" invention has cost him.

### Count V

(Malpractice)

44.) On February 23, 2005 Hutchins sent a letter and supporting materials by UPS overnight to Mr. Robert E. Hillman, Esq. the Chairman of F&R with the hope of saving the "escape light" patent. The letter, which is attached herein as Exhibit C, ended, "If Fish & Richardson is willing to underwrite the cost of re-submittal and can persuade the Examiner that the original application was flawed, I would be happy to work with you."

45.) There has been no reply from Chairman Hillman nor from any person affiliated with Fish & Richardson. Chairman Hillman and F&R owe a duty to Hutchins to assume responsibility for the actions, negligence and contractual obligations of the law firm.

46.) By not responding to Hutchins, Chairman Hillman has refused to assume responsibility for the acts of malpractice perpetrated against Hutchins that resulted in Hutchins loosing any possibility of gaining an "escape light" patent in a last minute re-submittal effort.

47.) Chairman Hillman's complete disregard to Hutchins plea for help has lost Hutchins any chance for a patent and forced these issues into costly litigation.

WHEREFORE, (Hutchins) prays that judgment be entered in his favor as follows:

(a) On Count I, that a judgment be entered against the Defendant in an amount in excess of $75,000 to be determined at trial;

(b) On Count II, that a judgment be entered against the Defendant in an amount in excess of $75,000 to be determined at trial;.

(c) On Count III, that a judgment be entered against the Defendant in an amount in excess of $75,000 to be determined at trial;

(d) On Count IV, that a judgment be entered against the Defendant in an amount in excess of $75,000 to be determined at trial;

(e) On Count V, that a judgment be entered against the Defendant in an amount in excess of $75,000 to be determined at trial;

(f) Such other relief that this Court and or jury deem just and proper.

48.) Demand for Trial by Jury.

The Plaintiff, DONALD C. HUTCHINS, Pro Se

Dated: 3/4/05

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 734-2625
(413) 739-4060 (facsimile)

CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by registered mail to: Fish & Richardson, P.C. 225 Franklin Street, Boston, Massachusetts 02110-2804, Attn: Robert E. Hillman Esq., Chairman.

Dated: 3/4/05

Richard J. Moriarty

10

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Donald C. Hutchins

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Donald C. Hutchins, Pro Se

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
1047 Longmeadow Street
Longmeadow, MA 01106   (413) 567-0606

## DEFENDANTS
Fish & Richardson

County of Residence of First Listed Defendant **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 271 U.S.C.
Brief description of cause: Patent - Breach of Contract, Conspiracy, Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 3/4/05   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX C  LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Donald C. Hutchins v Fish & Richardson P.C.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).  830

   — I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   — II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
           *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   — III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   — IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   — V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐   NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☐   NO ☒

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Donald C. Hutchins, Pro Se
ADDRESS  1047 Longmeadow Street, Longmeadow, MA 01106
TELEPHONE NO.  (413) 567-0606

(AppendixC.wpd - 11/27/00)