UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>FISH & RICHARDSON, P.C. )<br>)<br>Defendant )<br>) | Civil Action: 05-30062-MAP |

**PLAINTIFF'S EMERGENCY MOTION FOR**
**TEMPORARY RESTRAINING ORDER**

The Plaintiff, Donald C. Hutchins respectfully requests that this Honorable Court grant Plaintiff an Emergency Motion for Temporary Restraining Order. In support thereof, the Plaintiff submits the attached Memorandum in Support of the Plaintiff's Motion for a Temporary Restraining Order. Plaintiff is serving proper notice by mailing a copy of this Motion and Memorandum in Support to Fish & Richardson, P.C., 225 Franklin Street, Boston, Massachusetts 02110-2804, Attn: Robert E. Hillman Esq., Chairman.

A proposed Order is attached hereto.

Donald C. Hutchins, Pro Se

Dated: March 18, 2005

4047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by registered mail to: Fish & Richardson, P.C. 225 Franklin Street, Boston, Massachusetts 02110-2804, Attn: Robert E. Hillman Esq., Chairman.

Dated: 3/17/05

Richard J. Moriarty

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>FISH & RICHARDSON, P.C. )<br>)<br>Defendant )<br>) | Civil Action: 05-30062-MAP |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

The Plaintiff, Donald C. Hutchins files this memorandum in support of the Plaintiff's Emergency Motion for a Temporary Restraining Order.

**I.   SUMMARY OF POSITION**

On March 9, 2005 Attorney Chuck Hieken of Fish & Richardson ("F&R") sent a facsimile to Donald C. Hutchins ("Hutchins") herein attached as Exhibit A. This facsimile stated that, "Since you filed a complaint against Fish & Richardson P.C., it is inappropriate for us to continue to represent you." Attorney Hieken followed by suggesting that Hutchins retain the services of another attorney to represent him in connection with prosecuting the patent application and to respond to the office action dated October 20, 2004. Attorney Hieken concludes by stating that a response must be filed before April 20, 2005 to keep the application from being abandoned.

F&R's negligent and tardy response to the office action dated October 20, 2004 as recounted in Counts II, III, and IV of the Hutchins' Complaint, makes it impossible for a successor attorney to prosecute the patent application and respond to the office action before April 20, 2005. To keep the application from being abandoned, F&R must continue to represent Hutchins by writing a proper response to the office action before the April 20, 2005 deadline. Hutchins affidavit attached as Exhibit B bears testimony to this fact.

## II. ARGUMENT

### A. Hutchins is Entitled to Injunctive Relief

The standard used to consider a request for a temporary restraining order is the same as that used for a preliminary injunction. See Quincy Cablesystems, Inc. v. Sully's Bar, Inc., 640 F.Supp. 1159,1160 (D.Mass.1986). To issue injunctive relief correctly, a judge initially must consider whether the plaintiff has demonstrated that without the relief he would suffer irreparable harm, not capable of remediation by a final judgment in law or equity. See Packaging Indus. Group, Inc. v. Cheney, 380 Mass, 6117 n. 11 (1980). The Plaintiff also must show that there is a likelihood that he would prevail on the merits of the case at trial. See id. The judge then must balance these two factors against the showing of irreparable harm which would ensue from the issuance, or the denial, of an injunction and the 'chance of success on the merits' presented by the defendant. See id. at 617. An injunction may issue properly only if the judge concludes that the risk of irreparable harm to a plaintiff, in light of the chances of success on his claim, outweigh[s] the defendant's probable harm and likelihood of prevailing on the merits of the case." See Commonwealth v. Mass. CRINC, 392 Mass. 79,87-88 (1984).

2

In support of the Plaintiff's Motion, the Plaintiff will show that he is entitled to injunctive relief as he can demonstrate 1) a likelihood of success on the merits; 2) a risk of irreparable harm; and 3) the potential harm to the plaintiff outweighs the potential harm to the defendant. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-617 (1980).

1. **Hutchins is likely to succeed on the merits of the case.**

The Summons for Civil Action 05-30062-MAP was properly served on F&R by Deputy Sheriff John Cotter of the Suffolk County Sheriff's Department on March 10, 2005. The allegations of the Complaint are supported by documented evidence that includes the patent Examiner's office action and date stamps imprinted by F&R personnel. These allegations are also acknowledged by Attorney Hieken's facsimile attached as Exhibit A. This facsimile indicates that F&R missed the response deadline and the only hope to prevent abandonment is a continuance.

2. **There is a great risk of irreparable harm if Hutchins' request for a temporary restraining order is denied.**

If the plaintiff, Hutchins, is not granted the relief that has been requested, he will suffer irreparable harm because all opportunity for Hutchins to gain a patent on this unique and valuable invention will be lost.

3. **The potential harm to Fish & Richardson, P.C. is outweighed by the potential harm to the Plaintiff.**

The action sought by Hutchins will not harm the Defendant in any way. As one of the largest patent law firms in the United States, F&R has the resources, skills and manpower to respond to the office action before the April 20, 2005 deadline to keep the

3

application from being abandoned. Hutchins has also furnished F&R with working models and information needed to correct the application so that it is descriptive of the invention.

A review of the facts will show that irreparable harm to Hutchins far outweighs any harm that may be suffered by Fish & Richardson P.C. in completing the work that F&R contracted to perform when they agreed to prosecute Hutchins' patent application. It also furnishes F&R the opportunity to redeem itself and correct systemic flaws in its office operations that led to the tardiness of the response action..

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's Motion for an Emergency Temporary Restraining Order should be granted.

Dated: 3/18/05

The Plaintiff, DONALD C. HUTCHINS, Pro Se

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 734-2625
(413) 739-4060 (facsimile)

### CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by registered mail to: Fish & Richardson, P.C. 225 Franklin Street, Boston, Massachusetts 02110-2804, Attn: Robert E. Hillman Esq., Chairman.

Dated: 3/18/05

Richard J. Moriarty

4

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> FISH & RICHARDSON, P.C. ) <br> ) <br> Defendant ) | Civil Action: 05-30062-MAP |

## ORDER FOR TEMPORARY RESTRAINING ORDER

The Court makes the following finding and order on the Plaintiff's Emergency Motion for Temporary Restraining Order:

The Court finds that there is insufficient time for Hutchins to obtain a successor attorney to replace Fish & Richardson P.C. to develop an adequate response to the patent office action before the deadline of April 20, 2005. The court recognizes that if this deadline is not met, the patent prosecution for this unique and valuable invention will cease and the patent application will be abandoned by default. The Court orders Fish & Richardson to continue to represent Hutchins through the application process and to prepare an adequate response to the Patent Office Action prior to the deadline of April 20, 2005.

_____
Justice of the United States District Court

Dated: _____

5

# EXHIBIT A

# FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

**Date** March 9, 2005

**To** Donald C. Hutchins

Telephone:

**Facsimile number** 02064-01100001 / 413-739-4060

**From** Charles Hieken

**Re** AAHUTP04 - LIGHTING

Our Ref.: 02064-011001

**Number of pages including this page** 2

**Message** See attached email message

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 617 542-5070 to arrange for its return. Thank you.

**Chuck Hieken**

From:  Chuck Hieken
Sent:  Wednesday, March 09, 2005 12:17 PM
To:  'dchcpr@map.com'
Subject:  LIGHTING AAHUTP04 02064-011001

Regarding a response to the office action dated October 20, 2004, in your pending application, you did not furnish the response referred to in your email message of February 10, 2005, nor answer the question in my response. Since you filed a complaint against Fish & Richardson P.C., it is inappropriate for us to continue representing you. Please let us know as soon as possible who will represent you in connection with prosecuting this application. A response may be filed on or before April 20, 2005, upon paying extension fees that progressively increase for each month extension sought to keep the application from being abandoned. In the absence of different instructions from you, we shall file a continuation application on or before March 20, 2005, that will preserve your rights in the application and withdraw from representing you. The successor attorney can continue the prosecution of the continuation application that preserves your rights in the application.

Again, we urge you to obtain an attorney to represent you in connection with prosecuting this application as soon as possible.

1

6

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>) | **AFFIDAVIT OF** |
| v. )<br>) | **DONALD C. HUTCHINS** |
| FISH & RICHARDSON, P.C. )<br>)<br>Defendant )<br>) | |

NOW COMES DONALD C. HUTCHINS and upon being duly sworn, states that:

1. I am over 18 years of age and have personal knowledge of the matters attested to herein.

2. I believe that I am likely to succeed on the merits of this case because Fish & Richardson P.C. ("F&R") failed to meet the timetable established by the Patent Office to answer the office action. This failure was due to negligence on the part of the F&R staff.

3. When I was asked to comment on the office action I found that the scheduled response dates had already lapsed. I also learned that F&R no longer employed Attorney Miranda, who wrote the application. I am sure his departure contributed to the failure of F&R to respond to the office action on schedule.

4. It is impossible for me to retain the services of another attorney and to bring the successor attorney up-to-speed to draw an adequate response to the office action before the April 20, 2005 abandonment deadline.

5. I also can not afford the cost of duplicating monies already paid to F&R to pay a successor attorney to correct F&R's errors.

6. If I am not granted the relief that has been requested, I will suffer irreparable harm because the patent application covering this unique and valuable invention will be abandoned.

7. The Restraining Order that I seek will not harm the Defendant in any way. A review of the facts will show that irreparable harm to me far outweighs any harm that may be suffered by Fish & Richardson P.C. This Court Order will give F&R the opportunity to redeem itself and restore its reputation.

8. I have been a client of Attorney Chuck Hieken's for 20 years and together we have successfully authored many patents, copyrights and trademarks. On February 23, 2005 I provided F&R with 20 pages of answers to issues raised by the patent examiner in the office action. I am sure that all parties would profit from the time, cost and effort that Attorney Hieken could provide in executing a response to this office action on behalf of F&R.

For all of the foregoing reasons, the Plaintiff's Motion for an Emergency Temporary Restraining Order should be granted.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DONALD C. HUTCHINS

Sworn to before me and subscribed in my presence the 18th day of March, 2005

_____
NOTARY PUBLIC

2