UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS, <br><br> Plaintiff, <br><br> v. <br><br> FISH & RICHARDSON, P.C., <br><br> Defendant. | Civil Action No. 05-30062-MAP |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Donald C. Hutchins has failed to allege facts sufficient to disclose the existence of federal jurisdiction over the subject matter of this action. On the contrary, the facts alleged in Hutchins' Complaint affirmatively establish that the claims he purports to state arise under state rather than federal law, and that both he and the sole defendant, Fish & Richardson, P.C., are citizens of the same state. Accordingly, this Court has no jurisdiction over the subject matter of this action, and should issue an order dismissing the action pursuant to Federal Rule of Civil Procedure 12(b)(1).

### Background

On or about March 4, 2005, Hutchins filed a Complaint in this Court asserting four causes of action against F&R: conspiracy (Count I), breach of contract (Count II), negligence (Counts III and IV), and malpractice (Count V). All of the claims are based on F&R's alleged representation of Hutchins in connection either with certain patents that he currently holds, or with his efforts to obtain an additional patent covering an "escape light" that he claims to have developed. *See* Complaint at ¶¶ 6-22. To summarize, Hutchins claims that F&R participated in a conspiracy to expropriate two of his patents, acted negligently and in breach of a contract with

-1-

Hutchins with respect to a patent application covering the escape light, and committed malpractice in its handling of that application. *See id.* at ¶¶ 23-47.

The Complaint alleges both that Hutchins is a resident of Massachusetts, and that F&R is incorporated and has its principal place of business in Massachusetts. *See* Complaint at ¶¶ 1, 2, 4, & 5.

## Argument

The existence of federal jurisdiction over the subject matter of a civil action is never presumed, and the Court is required to satisfy itself that such jurisdiction exists whether or not the issue is raised by the parties. *Fafel v. DiPaola*, 399 F.3d 403, 410 (1st Cir. 2005). A party may contest subject matter jurisdiction by challenging the allegations in the complaint as insufficient on their face. *Hernandez-Santiago v. Ecolab, Inc.*, 397 F.3d 30, 33 (1st Cir. 2005). Hutchins, as the party invoking federal subject matter jurisdiction, has the burden of establishing that it exists. *See United States Parcel Serv., Inc. v. Flores-Galarza*, 385 F.3d 9, 15 (1st Cir. 2004).

Hutchins alleges in his Complaint that the court "has jurisdiction over this matter pursuant to Section 271 U.S.C." Presumably, Hutchins is referring to Section 271 of the United States Code, Title 35, which enumerates the acts that constitute "patent infringement" and provides that those who infringe patents may be held liable for doing so. *See* 35 U.S.C. § 271. Section 271 does not itself provide for federal subject matter jurisdiction; a claim of patent infringement "arising under" Section 271 would, however, be within the subject matter jurisdiction of the federal courts pursuant to Section 1331 and 1338 of the United States Code, Title 28, which provide for federal jurisdiction over actions that arise "under the Constitution,

laws, or treaties of the United States" and, in particular, "under any Act of Congress relating to patents." 28 U.S.C. §§ 1331, 1338.

Nowhere in the Complaint, however, does Hutchins allege that F&R is guilty of any of the acts proscribed by Section 271 – *i.e.*, that it infringed one or more of his patents. *See* Complaint at ¶¶ 1-48; *see also Keough v. American Policyholders Ins. Co.*, 989 F.2d 1256, 1262 (1st Cir. 1993) ("Ordinarily, a claim arises under federal law within the meaning of section 1331 if a federal cause of action appears on the face of a well-pleaded complaint."). Rather, as noted above, he alleges that F&R conspired to expropriate two of his patents, and is guilty of negligence, malpractice, and breach of contract with respect to his application for another. *See id.* at ¶¶ 6-47. These are claims arising under state law, not federal law.[1] Further, the mere fact that these state law claims relate in some way to Hutchins' alleged ownership (or prospective ownership) of a patent does not transform them into federal causes of action capable of providing federal jurisdiction.[2] Accordingly, the Court cannot derive jurisdiction over the subject matter of this action from Sections 1331 or 1338.

Federal courts do have subject matter jurisdiction over state law claims like those alleged by Hutchins when all parties to the action are citizens of different states, and the amount in

---

[1] *See, e.g., Invessys, Inc. v. McGraw-Hill Cos., Ltd.*, 369 F.3d 16, 18 (1st Cir. 2004) (breach of contract); *Tremblay v. McClellan*, v. 350 F.3d 195, 198 (1st Cir. 2003) (negligence); *In re V&M Management, Inc.*, 321 F.3d 6, 7 (1st Cir. 2003) (malpractice); *Krohn v. United States*, 742 F.2d 24, 26 (1st Cir. 1984) (conspiracy).

[2] *See, e.g., Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1264 (9th Cir. 1999) (holding that the mere fact that the state-law remedies sought by the plaintiff "may tangentially involve issues of patent ownership does not convert the state causes of action into federal law claims"); *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997) ("It is well-settled that if the patentee pleads a cause of action based on rights created by contract, or on the common law of torts, the case is not one 'arising under' the patent laws."); *see also Boston Scientific Corp. v. Bonzel*, 132 F. Supp. 2d 45, 48 (D. Mass. 2001) (Young, C.J.) (holding that "'the mere presence of patent issues is not a sufficient basis for patent jurisdiction'") (quoting *Prize Frize*, 167 F.3d at 1264).

controversy exceeds $75,000. 28 U.S.C. § 1332. Here, however, Hutchins has failed to allege that the parties are citizens of different states. On the contrary, he alleges that both parties to this action – i.e., Hutchins and F&R – are citizens of the same state, Massachusetts. See Complaint at ¶¶ 1, 2, 4, & 5. Accordingly, the Court cannot derive jurisdiction over the subject matter of this case from Section 1332.

Hutchins has not asserted any other basis for federal subject matter jurisdiction in his Complaint; nor is any such basis apparent from the face of it. As a result, the Court should dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## Conclusion

For all of the foregoing reasons, F&R respectfully requests that the Court grant its Motion to Dismiss for Lack of Subject Matter Jurisdiction, and issue an order dismissing this case pursuant to Fed. R. Civ. P. 12(b)(1).

        **FISH & RICHARDSON, P.C.**

        By its attorneys,


        /s/ Patrick M. Curran, Jr.
        Richard W. Renehan (BBO# 416680)
        Patrick M. Curran, Jr. (BBO# 659322)
        Goulston & Storrs
        A Professional Corporation
        400 Atlantic Avenue
        Boston, Massachusetts 02110-3333
        (617) 482-1776

Dated: March 30, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2005, a true and correct copy of the foregoing Defendant's Memorandum in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction was served by first class mail, postage prepaid, upon:

Mr. Donald C. Hutchins (pro se)
1047 Longmeadow Street
Longmeadow, MA 01106

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr.