UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FISH & RICHARDSON, P.C., )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-30062-MAP |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

On March 30, 2005, Defendant Fish & Richardson, P.C. ("F&R") filed a Motion to Dismiss this action for lack of subject matter jurisdiction. The Plaintiff, Donald C. Hutchins, did not file an opposition to that Motion. Instead, on or about April 15, 2005, Hutchins filed a Motion to Strike F&R's Motion to Dismiss. The Motion to Strike is entirely without merit and should be denied.

A court is empowered to strike from the record of a case pending before it material that is irrelevant, inadmissible, redundant, impertinent, scandalous, or immaterial. *See, e.g., Prudential Ins. Co. of Am. v. Schmid*, 337 F. Supp. 2d 325, 331 (D. Mass. 2004); *Bolen v. Paragon Plastics, Inc.*, 754 F. Supp. 221, 224 (D. Mass. 1990); *see also* Fed. R. Civ. P. 12(f). Here, Hutchins makes no effort to suggest, much less show, that any one of these adjectives applies to F&R's Motion to Dismiss. Rather, Hutchins merely attempts to show that F&R is wrong on the merits of its arguments and that the Court should "accept" jurisdiction over the subject matter of this action. *See, e.g.*, Plaintiff's Memorandum in Support of Its [sic] Motion to Strike ("Plf's Mem.") at 4. Even if Hutchins' arguments on that score were meritorious – and they are not, as we demonstrate below – that would provide the Court with a basis not to strike F&R's Motion from

the record, but rather simply to deny it. Accordingly, the Court should deny Hutchins' Motion to Strike.

Hutchins argues that the "parties to th[is] action are citizens of different states," and thus that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plf's Mem. At 2. That argument contradicts the allegations of Hutchins' own Complaint, however, in which he asserts that both he and F&R are citizens of Massachusetts. See Complaint at ¶¶ 1, 2, 4, & 5. Those allegations govern for purposes of F&R's Motion, which seeks dismissal of the Complaint on the grounds that it fails on its face to allege a sufficient basis for federal subject matter jurisdiction. See Defendant's Memorandum in Support of its Motion to Dismiss ("Def's Mem.") at 2-4; see also Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005) (holding that a party may contest subject matter jurisdiction by challenging the allegations in the complaint as insufficient on their face).[1] Thus, the Court has no jurisdiction over the subject matter of this action under Section 1332.

Hutchins also appears to suggest that the Court should assert jurisdiction over this action under 28 U.S.C. § 1331 because his state-law negligence, breach of contract, malpractice, and conspiracy claims relate to his ownership of certain patents and application for others. See Plf's Mem. at 2-3. It is well-established, however, that a state-law claim is not transformed into a federal cause of action capable of conferring federal jurisdiction merely because it relates in some way to the ownership (or prospective ownership) of a patent. See, e.g., Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1264 (9th Cir. 1999); Jim Arnold Corp. v. Hydrotech Sys., Inc., 109 F.3d 1567, 1572 (Fed. Cir. 1997); see also Boston Scientific Corp. v. Bonzel, 132 F. Supp.

---

[1] In any event, F&R is in fact a Massachusetts corporation, as Hutchins alleged in his Complaint, and there is no separate Minnesota corporation as Hutchins now appears to suggest. See Affidavit of Peter J. Devlin (filed April 28, 2005); compare Plf's Mem. at 2.

2d 45, 48 (D. Mass. 2001) (Young, C.J.) (holding that "'the mere presence of patent issues is not a sufficient basis for patent jurisdiction'") (quoting *Prize Frize*, 167 F.3d at 1264). Section 1331 therefore provides no basis for federal subject matter jurisdiction over Hutchins' claims, which arise entirely under state law.

Finally, Hutchins urges the Court to "accept" jurisdiction over this case because doing so would, he says, be "in the best interest of both parties." Plf's Mem. at 4. The jurisdiction of the federal courts is limited and statutorily defined, however, and Congress has not empowered the courts to assert subject matter jurisdiction on the basis of the parties' "best interests." *See, e.g., Bolduc v. United States*, 402 F.3d 50, 55 (1st Cir. 2005). Accordingly, even if "[n]either party could gain from having the issues contained in the Complaint resolved by a Massachusetts judge," as Hutchins claims, the Court would be powerless to assert jurisdiction over this case on that basis alone.

In sum, for all of the foregoing reasons, the Court should deny Hutchins' Motion to Strike, and grant F&R's Motion to Dismiss.

Respectfully submitted,

**FISH & RICHARDSON, P.C.**

By its attorneys,

/s/ Patrick M. Curran, Jr.
Richard W. Renehan (BBO# 416680)
Patrick M. Curran, Jr. (BBO# 659322)
Goulston & Storrs
A Professional Corporation
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776

Dated: April 29, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2005, a true and correct copy of the foregoing Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction was served by first class mail, postage prepaid, upon:

>Mr. Donald C. Hutchins (pro se)
>1047 Longmeadow Street
>Longmeadow, MA 01106

>/s/ Patrick M. Curran, Jr.
>Patrick M. Curran, Jr.